# LaBRUZZO v. MIAMI HERALD PUBLISHING CO.

No. 71-3823.

Circuit Court, Dade County.

July 6, 1971.

James O. Nelson, Miami, for the plaintiff.

Dan Paul and John-Edward Alley of Paul & Thomson, Miami, for the defendant.

MILTON A. FRIEDMAN, Circuit Judge.

*Final summary judgment:* This cause came on to be heard after due notice upon the motion for summary judgment of defendant the Miami Herald Publishing Company, a Florida corporation.

A substantial record has been established in this case through discovery and by the affidavits filed by the parties and all the facts relating to the writing of the articles and whether there was actual malice have been fully developed and are before the court. In such a situation summary judgment is appropriate, particularly since this case involves the exercise of the first amendment guarantee of freedom of the press and long, unwarranted trial proceedings would of themselves offend the principles enunciated by the Supreme Court in Dombrowski v. Pfister, 380 U.S. 479 (1965), because of the chilling effect of such litigation. Rosenbloom v. Metromedia, Inc., 39 U.S.L. Week 4694 (U.S. June 7, 1971).

After consideration of the complaint, the amended complaint, all affidavits and depositions on file and extensive argument of counsel, upon the entire record before it, the court makes the following findings of fact —

A. In the publication of the articles which are the subject of this action the defendant Miami Herald Publishing Company relied upon information supplied to it by responsible officials of the United States Department of Justice Organized Crime Strike Force.

B. The newspaper articles which are the subject of this action concerned "hot news" and were prepared and printed under deadline pressures.

C. Plaintiff admittedly was traveling together with and was identified to the press by the federal law enforcement officials as an associate of organized crime figures. The plaintiff and all of the persons with whom he was traveling were subpoenaed upon their arrival in Miami to testify before a federal grand jury in Dade County specifically empanelled to investigate organized crime. The community has a vital interest in the proper enforcement of its criminal laws, particularly in an area such as organized crime. The public's attention was focused on these rapidly occurring events and the plaintiff and his associates who had involved themselves in these matters of public concern. The newspaper articles which are the subject of this action and which related the involvement of the plaintiff and his associates in these matters thus involve matters of important public interest and concern.

8

D. Defendant published the articles in the sincere belief that the matters and facts therein contained were true. There is a complete absence of any indication that the author of the articles had any suspicion that the statements made in the articles were not true. The plaintiff has failed to come forward with any evidence which shows any actual malice on the part of the defendant, much less the clear and convincing evidence required by the constitutional law of libel. St. Amant v. Thompson, 390 U.S. 727 at 731 (1968), *Time, Inc. v. Pape*, 39 U.S.L. Week 4270 (U.S. Feb. 24, 1971). In fact the record shows affirmatively that the defendant did not have any malice, ill-will or animosity toward plaintiff and published the articles in reliance upon the information supplied it by reliable federal law enforcement sources.

E. Plaintiff has failed to file any affidavits or depositions to show that any genuine issue of material fact exists and the defendant is entitled to a summary judgment in its favor as a matter of law under the rule of New York Times Co. v. Sullivan, 376 U.S. 254 (1964), and its progeny, particularly St. Amant v. Thompson, 390 U.S. 727 (1968), Greenbelt Cooperative Publishing Assn. v. Bresler, 398 U.S. 6 (1970), Time, Inc. v. Pape, supra, Rosenbloom v. Metromedia, Inc., supra, and Bishop v. Wometco Enterprises, Inc., 235 So.2d 759 (3 D.C.A. 1970).

Upon the above findings of fact, and the entire record, it is ordered that —

(1) There is no genuine issue as to any material fact, and accordingly summary final judgment is entered in favor of the defendant The Miami Herald Publishing Company and against the plaintiff, and the plaintiff shall take nothing by this suit and shall go hence without day.

(2) Upon motion, hearing and notice all costs of the defendant shall be taxed against the plaintiff.